CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA L. BREEDEN, | ) |
| | ) Civil Action No. 5:10CV00044 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Barbara L. Breeden, was born on December 16, 1954 and eventually completed the eleventh grade in school. Plaintiff has worked as a janitor, housekeeper, cashier, deli clerk, and in-home companion. While the record establishes that Mrs. Breeden last worked on a regular and sustained basis in 2000, it appears that she continued to work on a very limited basis as an in-home companion through the date of the most recent administrative hearing. The Administrative Law Judge determined that the record "does not support a decision based solely on work activity." (TR

396). Mrs. Breeden filed an application for a period of disability and disability insurance benefits on October 14, 2005. She alleged that she became disabled for all forms of substantial gainful employment on October 1, 2000, due to osteoarthritis in her spine, back pain, sarcoidosis, chronic bronchitis, and interstitial lung disease. Mrs. Breeden now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Breeden's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 30, 2007, the Law Judge also ruled that Mrs. Breeden was not disabled. The Law Judge found that plaintiff experienced severe impairments on the bases of a back impairment and history of sarcoid/lung disease. Despite these impediments, the Law Judge held that plaintiff retained sufficient functional capacity to return to her prior work roles as a cashier, housekeeper, companion, and deli clerk. Accordingly, the Law Judge concluded that Mrs. Breeden was not disabled, and that she was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Breeden appealed to this court.

By memorandum opinion and order entered February 12, 2009, the court remanded the case to the Commissioner for further development and consideration. On that occasion, the court stated as follows:

> In assessing the functional limitations caused by plaintiff's impairments, the Administrative Law Judge explicitly relied on two consultative reports as well as medical assessments completed by nonexamining state agency physicians. (TR 22). Those physicians relied, in part, on an MRI of the lumbar spine performed in May of 2000, which demonstrated some disc bulging, but no herniated disc or significant spinal stenosis. The Law Judge also cited this MRI report. (TR 18). The difficulty in this case is that a second MRI, completed on August 21, 2007, revealed L4-5 posterior stenosis, as well as marked stenosis at L5-S1. Based on the new MRI report, a treating orthopaedic specialist, Dr. Olumide Danisa, recommended surgical intervention. Plaintiff's treating physician also cited the new MRI report in opining that Mrs. Breeden is now totally disabled for all forms of substantial gainful activity.
>
> In light of the new MRI study, the court believes that the only reasonable alternative is to remand the case to the Commissioner for further development.

In denying plaintiff's motion for summary judgment, and in offering some input as to appropriate steps on remand, the court went on to comment as follows:

> While plaintiff testified that she suffers from severe and debilitating back pain, the record is unclear as to whether disabling subjective discomfort is consistent with the level of dysfunction demonstrated by the MRI. The court believes that it will be necessary to receive input from a consultant or medical advisor in resolving this question.

On remand, the case was assigned to the same Administrative Law Judge for additional proceedings. The Law Judge scheduled a supplemental administrative hearing. In addition to Mrs. Breeden, a different vocational expert and a medical expert, Dr. Haddon C. Alexander, III, testified. The Law Judge rendered an opinion and decision on September 28, 2009. The Law Judge offered an extremely thorough review of the medical exhibits and the testimony from the supplemental administrative hearing. The Law Judge found that Mrs. Breeden experiences severe impairments on the basis of lumbar degenerative disc disease, obesity, and blindness in one eye. The Law Judge again found that plaintiff retains sufficient functional capacity to return to several of her past work roles. Accordingly, the Law Judge concluded that Mrs. Breeden is not disabled, and that she is not

entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mrs. Breeden has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. In denying plaintiff's claim, the Law Judge again cited the two consultative reports that were completed in 2006, prior to the most recent MRI. The Law Judge again discounted the opinion of plaintiff's treating physician that Mrs. Breeden is totally disabled for all forms of work due to musculoskeletal dysfunction. Instead, the Law Judge relied on the testimony of the medical expert who appeared at the supplemental administrative hearing. Stated succinctly, the expert, Dr. Alexander, testified that because of the paucity of objective medical evidence, he believed that Mrs. Breeden retains sufficient functional capacity to perform light levels of exertion. Nevertheless, when asked to consider the results from the most recent MRI study, Dr. Alexander testified that the condition documented by the MRI study

4

could well cause the pain and disability described by the plaintiff. (TR 577). He also stated that the physical limitations described by plaintiff's treating physician could be supported by the MRI. (TR 578). Given Dr. Alexander's testimony, and after considering the testimony of Mrs. Breeden and the vocational expert, the court must conclude that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment under the legal standards established by the United States Court of Appeals for the Fourth Circuit in the evaluation of "pain" cases.

By way of additional summary, the record establishes that Mrs. Breeden suffers from obesity and blindness in one eye. Over the last several years, she has complained of progressively worsening lower back pain. Shortly after plaintiff filed her claim for benefits, she was seen by two consultative physicians who performed physical examinations. Neither physician noted manifestations of significant musculoskeletal impairment. During the same period of time, she continued under treatment of her family doctor, Dr. Harold Huffman. Dr. Huffman's notes document plaintiff's complaints though, as noted by Dr. Alexander, there is little objective evidence to support a finding of severe musculoskeletal disorder.

In August of 2007, Dr. Huffman referred Mrs. Breeden to Dr. O. A. Danisa, an orthopedist and pain management specialist. In a note dated August 13, 2007, Dr. Danisa documented plaintiff's complaints of back pain dating back to 2000, with increasing pain in her legs. He also noted toe numbness and pressure pain. Dr. Danisa observed plaintiff's difficulty with balance, strengthening, and straightening when she is bent over. He reported positive straight leg raising, and pain with flexion of the lower lumbar spine. (TR 293). Dr. Danisa arranged for a new MRI study of the lumbar spine. The study results were interpreted as follows:

> CONCLUSION: Diffuse lumbar spondylosis and facet arthropathy as described above. The most significant level appears to be L4-5 where there is central canal stenosis, bilateral neural foraminal stenosis, and bilateral lateral recess stenosis secondary to broad-based disc protrusion with a posterior disc extrusion paracentral to the left as well as facet arthropathy causing moderate to severe stenosis.

(TR 280). Dr. Danisa recommended surgery for lumbar decompression and fusion with instrumentation.

Dr. Huffman completed a residual functional capacity questionnaire on October 9, 2007. Dr. Huffman diagnosed moderate to severe spinal stenosis secondary to facet arthropathy and degenerative disc disease with diffuse lumbar spondylosis. He noted Mrs. Breeden's complaints of persistent low back pain with some pain down the left leg and numbness in the right leg and foot. He also described weakness on dorsiflexion of both feet. He characterized the pain as chronic deep aching in the low back that is made worse by bending, twisting, coughing, or lifting. Dr. Huffman characterized the pain as quite severe and persistent. By way of clinical findings, Dr. Huffman cited the MRI study as well as clinical notations of positive straight leg raising. In terms of physical capacity, Dr. Huffman estimated that plaintiff could not sit or stand for more than ten minutes at a time. He indicated that she could be expected to sit or stand for no more than two hours in an eight hour work day.

Mrs. Breeden testified at the supplemental administrative hearing on May 15, 2009. Plaintiff related that her back pain started getting worse in about 2000. (TR 532). She quit work shortly thereafter, though she continues to help her sister as a companion. (TR 532). She estimated that she can walk for about 50 feet without getting tired out. (TR 538-39). On a good day, she can sit for about 20 to 25 minutes. (TR 539). She finds it necessary to lie down frequently. (TR 540). She lies down for 45 minutes every hour or hour and a half. (TR 540). She estimates that she can lift

about five pounds without difficulty. (TR 540). She has difficulty bending or squatting. (TR 541). She does not have problems using her upper extremities. (TR 541). She still drives, though she must stop frequently to change position. (TR 541-42). She does some light chores around her home, though her daughter helps with cooking and cleaning. (TR 543-44).

As previously noted, Dr. Haddon C. Alexander, III, testified at the supplemental administrative hearing as a medical expert. Dr. Alexander is board certified in internal medicine and rheumatology. Dr. Alexander summarized all of the medical evidence of record. He noted that there is very little objective evidence documenting a severe back condition. When asked to consider all of the evidence of record, Dr. Alexander opined that plaintiff could perform lighter forms of exertion. However, he recognized that the most recent MRI study does constitute objective evidence of severe musculoskeletal defect. The transcript of the hearing reveals the following exchange between plaintiff's attorney and the medical expert:

> Q [Atty]: Okay. But you would agree with me that the MRI, certainly the MRI of 2007 is an objective finding of disability.
>
> A [Expert]: No.
>
> Q: Or an objective finding of a medical condition.
>
> A: Objective finding of an anatomical abnormality, yes.
>
> Q: Okay. And that that abnormality, diffuse lumbar spondylosis, facet atrophy as described above, at 4/5 central canal stenosis, bilateral neural foraminal stenosis, bilateral lateral recess stenosis secondary to a broad based disc protrusion and posterior disc extrusion paracentral to the left as well as facet atrophy causing moderate to severe stenosis. That isn't actually an objective finding?
>
> A: Yes, that's an objective finding.

7

| | |
|---|---|
| Q: | Okay. And that, though that condition could well cause the pain and disability described by the claimant. |
| A: | It could. |
| Q: | Okay. |
| A: | And it could not. |

(TR 576-77). Dr. Alexander went on to answer in the affirmative when asked if Dr. Huffman's findings in his residual functional capacity questionnaire "could be supported by this MRI." (TR 578).

Dr. Gerald Wells testified at the supplemental administrative hearing as a vocational expert. When asked to consider hypothetical questions based on a finding of residual functional capacity for light exertion, Dr. Wells testified that plaintiff could be expected to perform several of her past work roles as well as other entry level jobs. (TR 588-90). However, when asked to consider physical limitations such as those described by Mrs. Breeden in her testimony, and by Dr. Huffman in his residual functional capacity questionnaire, Dr. Wells opined that plaintiff would be unable to perform any work role. (TR 590-93).

The Administrative Law Judge discounted much of plaintiff's testimony. He found that her symptoms are not credible to the extent that they are inconsistent with the finding of residual functional capacity for lighter forms of exertion. (TR 414). The Law Judge relied on Dr. Alexander's testimony to support the proposition that the medical record is bereft of such objective evidence as is necessary to establish the existence of a disabling impairment.

The court is unable to conclude that the Administrative Law Judge's treatment of Mrs. Breeden's pain issues is consistent with the protocol adopted by the United States Court of Appeals

8

for the Fourth Circuit for consideration of such matters. The case of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) is commonly cited as setting forth the appropriate standard for review of social security pain cases. In Craig, the Court commented as follows:

> Interpreting section 423(d)(5)(A), this court held that in order for pain to be found disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). However, while a claimant must show by objective evidence the existence of an underlying impairment that could cause the pain alleged, "there need not be objective evidence of the pain itself." Id. (quoting Green v. Schweiker, 749 F.2d 1066, 1070-71 (3d Cir. 1984)); accord Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990) (explaining that § 423(d)(5)(A) requires "a claimant to show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective evidence of the pain itself"); Hyatt III, 899 F.2d at 332 (stating that § 423(d)(5)(A) "requires objective medical evidence of an underlying condition that could reasonably produce the pain alleged"); Hatcher v. Secretary, Dept. of Health & Human Serv., 898 F.2d 21, 24 (4th Cir. 1989) ("[Section 423(d)(5)(A)] . . . requires medical evidence of an impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) ("[W]hile there must be medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity."); Gross, 785 F.2d at 1166 (upholding denial of benefits where evidence failed to show any abnormality which would explain claimant's pains). <u>Under these cases, once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness, and effusion.</u> See Jenkins, 906 F.2d at 109. (Emphasis added).

76 F.3d at 592-93(footnote omitted).

The Fourth Circuit applied its standard for the adjudication of pain cases in the more recent case of Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006):

> The record in this case demonstrates that Mr. Hines complied with the two step process mandated by Fourth Circuit precedent and the resulting regulations. See Mickles, 29 F.3d at 925 (Luttig, J., concurring). There is no dispute that Mr. Hines suffers from SCD. The blood work that Dr. Jeon used to diagnose his patient's condition provides the required objective evidence of a medical condition which

9

> would cause pain. There is also no dispute that SCD causes the type of chronic pain from which Mr. Hines suffers. In fact, medical science recognizes that SCD can cause bouts of severe acute pain as it progresses.
>
> <u>Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day. Mr. Hines did so by testifying that his illness and the resulting fatigue require him to lie down "half a day."</u> (Emphasis added).

453 F.3d at 565 (footnotes omitted).

In the instant case, the court agrees that Mrs. Breeden has not received regular and comprehensive medical treatment over the last five years. In passing, the court notes that she attributed her inability to follow up on all of her doctors' recommendations to a lack of funds. However, the fact remains that the most recent MRI documents the existence of a severe musculoskeletal defect in plaintiff's lower back. The orthopaedic specialist, Dr. Danisa, recommended that she undergo surgery. He considered her complaints of severe, constant pain to be consistent with the MRI results. Furthermore, the court interprets the medical expert's testimony to indicate that the abnormality shown on the MRI could reasonably cause the pain reported by the plaintiff. The Administrative Law Judge also interpreted Dr. Alexander's testimony to this effect. (TR 418). Likewise, Dr. Alexander felt that Dr. Huffman's assessment of plaintiff's residual functional capacity could be said to be supported by the MRI results. (TR 578). The vocational expert testified that, if plaintiff's complaints of pain are fully credited, she would be unable to engage in any sustained work activity. Thus, under the <u>Craig</u> analysis, the plaintiff has established that she suffers from physical problems which are consistent with her subjective complaints, and that her subjective limitations are so significant as to prevent sustained performance of the work activities

for which she may otherwise be physically capable. The court concludes that Mrs. Breeden has met the burden in establishing total disability for all forms of substantial gainful employment. It follows that plaintiff has established entitlement to a period of disability.

In passing, the court notes that a finding of disability in this particular case is consistent with the regulatory scheme which accords greater weight to the findings of physicians who have actually examined and treated a claimant over a period of time. Under 20 C.F.R. § 404.1527(d)(2), it is provided that, generally, more weight will be given to opinions from treating sources, since these sources are likely to be able to provide the most accurate longitudinal picture of the claimant's medical condition. As previously noted, Dr. Huffman has treated Mrs. Breeden over a period of several years. His findings are consistent with the most recent objective study in plaintiff's case. Moreover, the specialist, Dr. Danisa, also agreed that the MRI findings demonstrate significant musculoskeletal dysfunction in the lower spine. While Dr. Alexander does not agree that plaintiff is totally disabled, he specifically opined that plaintiff's objective findings are consistent with her own complaints, and are not inconsistent with Dr. Huffman's assessment of her residual functional capacity. In such circumstances, the court can only conclude that plaintiff has met her burden of proof.

The record in this case establishes that Mrs. Breeden's back condition has gradually worsened over a period of several years. After considering plaintiff's symptomatology, her clinical findings, and the MRI study results, Dr. Danisa reported that plaintiff's pain had worsened in the year prior to his examination on August 13, 2007. One of the consultative physicians, Dr. Ericka S. Young, noted on November 28, 2006 that plaintiff's symptoms were less pronounced than as reported by Dr. Danisa. Considering all of these circumstances, the court concludes that Mrs.

Breeden has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment as of March 1, 2007.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to a period of disability and disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed, and the case remanded for the establishment of proper benefits. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of November, 2010.

_____
Chief United States District Judge