CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA L. BREEDEN, | ) |
| | ) Civil Action No. 5:10CV00044 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | )        Chief United States District Judge |
| Defendant. | ) |

By memorandum opinion and order entered November 16, 2010, this court reversed the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. The Commissioner has now filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking relief from the court's judgment. The plaintiff has filed a response. Having considered the arguments advanced in support of the Commissioner's motion, the court concludes that the motion must be denied.

The Commissioner once again argues that the opinion of the Administrative Law Judge, which was adopted as the final decision of the Commissioner, is supported by substantial evidence. For reasons adequately stated in the court's memorandum opinion, the court is unable to agree. Stated succinctly, the court again concludes that the Law Judge erred in determining that there was no objective evidence to support plaintiff's testimony, and the opinion of her treating physician, as to the extent of plaintiff's disability. While the Commissioner takes note of the fact that the Administrative Law Judge produced a 28 page opinion, the fact is that the Law Judge devoted only about two paragraphs to the evaluation of the claimant's testimony, and to a comparison of her testimony with

the medical evidence of record. (TR 401, 414). Most of the opinion consists of a summary of the medical evidence, lay testimony, and expert opinion testimony. As noted by the medical advisor who testified at the administrative hearing, there is no question but that there is objective evidence, based on a recent MRI, confirming the existence of significant musculoskeletal dysfunction which could well cause the pain and disability described by the claimant. (TR 577). The court believes that it is unseemly for the Law Judge and the Commissioner to suggest otherwise. Despite the existence of objective MRI evidence which establishes the existence of a musculoskeletal impairment deemed by the medical advisor to be sufficient to explain plaintiff's complaints of disabling impairments, the Administrative Law Judge did not identify any evidence which would support his determination that plaintiff's testimony was not credible.[1]

As the court sees it, the Commissioner's primary basis for dispute with the court's earlier memorandum opinion lies in the application of the appropriate standards for the adjudication of pain issues. The court remains convinced that, in the United States Court of Appeals for the Fourth Circuit, once it is established that there is a medical condition which could reasonably be expected to cause pain of the severity a claimant alleges, the claimant's testimony may not be discredited simply because it is not confirmed by objective evidence as to the severity of the pain. See Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006); Craig v. Chater, 76 F.3d 585, 593 (4th Cir. 1996). In

---

[1] The only real factual finding made by the Law Judge in his credibility assessment was that "claimant's treatment has been generally routine, conservative, and has not required surgery, physical therapy, or referrals to a pain management specialist – and includes significant gaps." (TR 414). The Commissioner makes similar observations in support of his motion for relief from judgment. However, the record reveals that plaintiff's treating orthopaedic specialist has recommended surgery. (TR 287). At the time of the first administrative hearing in this case, plaintiff testified that she has not been seeing her doctors "real frequently because of money issues." (TR 486). It is well settled that if a claimant fails to seek and obtain appropriate medical treatment because of lack of funds, such failure cannot be considered as a reason for denial of the claimant's claim for benefits. Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984).

2

the instant case, plaintiff has established the existence of a severe musculoskeletal impairment which, according to the testimony of the medical advisor, could cause all of the symptoms of which she complains, and which is consistent with the medical opinion of plaintiff's treating physician. There is no medical evidence which suggests that plaintiff has overstated her complaints or the degree of her functional limitations. The court remains of the opinion that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For these reasons, which are stated in more detail in the court's earlier memorandum opinion, the court concludes that the defendant's motion for relief from judgment is without merit. An order denying the motion shall be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of December, 2010.

_____
Chief United States District Judge